Nov. Term, 1839.

BURKE
v.
VOYLES.

---

## BURKE v. VOYLES.

The plaintiff cannot give parol evidence of the contents of a written award on which he sues, without accounting for the absence of the award.

*Thursday, November 21.*

ERROR to the *Morgan* Circuit Court.

SULLIVAN, J.—Assumpsit. Plea, the general issue. The facts of this case are, that *Voyles* having an account against *Burke,* brought suit upon it before a justice of the peace. During the pendency of the suit, the parties submitted the matter in controversy to arbitrators mutually chosen. The arbitrators made an award in writing in favour of *Voyles.* Judgment was not entered on the award by the justice of the peace, nor do the arbitrators, who were witnesses on the trial, remember whether it was returned to him or not. This suit was brought to recover the amount of that award.

On the trial, the plaintiff below offered evidence of the

foregoing facts, but failed to produce the award or account for its absence. To the introduction of the evidence, the defendant objected, but the Court admitted it, and gave judgment for the plaintiff.

The Court erred in permitting the plaintiff to prove the contents of the award, without proving that the instrument itself was not within his reach. It violated the well settled rule which rejects secondary and inferior evidence, when it is attempted to be substituted for evidence of a higher and superior nature. The best attainable evidence must be adduced to prove every disputed fact. The rule is founded in a suspicion of fraud—a presumption arises that the best evidence is withheld, because the party is conscious, if it were produced, his object would be frustrated. Stark. Ev. 3d part, 389, 390.—Bull. N. P. 293.—1 Peters' Rep. 596. The presumption is that a copy of the award when made and signed by the arbitrators, was delivered to *Voyles;* and the presumption further is that the paper is still in his power. Until that presumption be removed, by proving the loss or destruction of the instrument, secondary evidence should not be received.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*H. Brown* and *C. C. Nave,* for the plaintiff.

*B. Bull,* for the defendant.